UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARUN (A#240-015-149),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX

Respondent.

No. 1:26-cv-08757-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of India who entered the United States on an unknown date without being inspected by immigration officials. He subsequently applied for asylum on February 23, 2022. See ECF No. 5-1 at 3. While this asylum application was pending, Petitioner was arrested on various criminal charges. None of these charges resulted in conviction. See ECF Nos. 5-2 (Rap Sheet); 5-3 (Exhibits Pertaining to Petitioner's Criminal History).

On June 13, 2026, Petitioner was charged with assault with a deadly weapon with force and misdemeanor battery on a spouse. He was released on bond from criminal custody and appeared at the Fresno County Superior Court for further proceedings on June 29, 2026. Agents

from Immigration and Customs Enforcement ("ICE") were waiting to detain him on an administrative warrant at the state courthouse. ECF No. 5-1 at 2 (I-213 Form). ICE served him with a Notice to Appear ("NTA") administratively charging him with being removable for being present without admission or parole under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. ECF No. 5-4. He remains in immigration detention at the Central Valley Annex located in this judicial district.

Petitioner filed the pending § 2241 petition challenging his ongoing detention without an individualized bond hearing as a violation of the Fifth Amendment's Due Process Clause, among other claims for relief. ECF No. 1. Respondent filed an answer indicating "no objection to the Court ordering a bond hearing be set" in this case pursuant to 8 U.S.C. § 1226(a). ECF No. 5.

## II. Statutory Immigration Framework

The Parties agree that 8 U.S.C. § 1226(a) governs Petitioner's detention. The Supreme Court discussed this statutory authority governing Petitioner's detention in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more . . . classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[1]

---

[1] The undersigned changed "alien" to "non-citizen" in these passages. This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years. See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'") (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After a custody redetermination hearing, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

**III. Analysis**

To date, Petitioner has been in immigration detention for over four months without being provided the statutory bond hearing to which the parties agree that he is entitled. Considering the undisputed facts in this case, the undersigned finds that Petitioner was statutorily entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). See also Osman v. Warden, Golden State Annex Det. Facility, No. 1:26-cv-3641 DC AC, 2026 WL 1389891 (E.D. Cal. May 18, 2026) ("Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section.") (citing Maciel, 2026 WL 496948; Barajas Ortiz v. Chestnut, No. 1:26-cv-1167 DC SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026); Zuniga Cruz v. Noem, No. 1:26-cv-1818 DC EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026)). This statutory detention authority provides substantial procedural protections," Rodriguez Diaz v. Garland, 53 F.4th 1189, 1193 (9th Cir. 2022), including the right to request an initial custody re-determination before an IJ under 8 C.F.R. § 1236.1(d). However, Petitioner was denied those statutory protections for a period of months in this case, which constitutes a separate procedural due process violation. See Feng v. Lyons, No. 1:26-cv-0235 DJC SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (finding that the "provision of a bond hearing after months of detention without the opportunity to

seek release on bond cannot be said to satisfy due process where that bond hearing is a matter of statutory right.").

Moreover, there is nothing in the record to indicate that Petitioner received notice that he could request a bond hearing. For example, there is nothing indicating that ICE undertook a custody determination through Form I-286, which would have allowed him to request a bond hearing. Absent such notice, it appears Petitioner would have only learned about his ability to seek a bond hearing upon being served Respondent's answer. Petitioner cannot be expected to have availed himself of an administrative remedy about which he received no notice. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (holding that in order to comply with due process "notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance").

In tailoring the remedy for this due process violation, the Court is mindful that federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005). Although Respondent highlights Petitioner's criminal history, they do not explain why it renders inapplicable this court's previous determination that noncitizens previously released into the United States are entitled to a pre-deprivation bond hearing before they can be re-detained. The undersigned is unpersuaded that criminal history consisting of charges that have not led to a single conviction is sufficient to explain why Petitioner was not entitled to due process before his immigration detention. See Yang v. Warden, Cent. Valley Annex, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for the noncitizen detained without a pre-deprivation bond hearing where the respondents "provide[d] the court with no argument as to how" the petitioner's criminal history had "any bearing on [the] case or the government's act of detaining Petitioner" pursuant to 8 U.S.C. § 1226(a)); Velasquez Leon v. U.S. Attorney General/ICE, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950, at *2 (E.D. Cal. Oct. 5, 2026) (same where the respondents note the petitioner's earlier arrest that "was disposed of with 'no action,' but provide[d] the court with no argument as to how that dropped charge ha[d] any bearing on [the]

case.").

Here, in light of Petitioner's subsequent appearance in criminal court after being released from the Fresno County Jail, "there is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." Hidalgo v. Warden, No. 1:26-cv-3511-DC-JDP, 2026 WL 1707795, *1 (E.D. Cal. June 12, 2026) (citations omitted). Accordingly, the undersigned recommends that the petition be granted and Respondent be ordered to immediately release Petitioner.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on claim one.

2. Respondent be ordered to immediately release Petitioner ARUN (A#240-015-149) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the Central Valley Annex with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties

have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE